COPE, J.
(concurring in part and dissenting in part).
This is an appeal from an order denying a motion for postconvietion relief under Florida Rule of Criminal Procedure 3.850. I concur that the denial of relief on most of defendant-appellant’s nineteen points was correct.
However, on several points we should reverse the order and remand for further proceedings. Under our standard of review, “Unless the record shows conclusively that the appellant is not entitled to relief, the order shall be reversed and the cause remanded for an evidentiary hearing.” Fla. R.App. P. 9.140®.
The defendant in this case was convicted in 1996 of the 1971 first degree murder of her husband. In a 1992 sworn statement, she admitted assisting in preparations for the murder, which was carried out by her then-boyfriend. Defendant contended that the boyfriend took this action to protect her from alleged domestic abuse by the husband (although in a statement given in 1971, defendant had denied that there was any physical abusé in the marriage.)
In point nine she says that she wished to testify at trial, but was advised that if she testified, the defense would lose the opportunity for the “sandwich” opening and closing argument. Defendant asserts that this advice was given in front of three witnesses who she specifically names. In reality, under Florida Rule of Criminal Procedure 3.250, “a defendant offering no testimony in his or her own behalf, except the defendant’s own, shall be entitled to the concluding argument before the jury.” (Emphasis added). The substance of defendant’s proposed testimony can be gleaned from the motion and from the defendant’s sworn statements.* Defendant is entitled to a hearing on this claim.
In defendant’s point fifteen, she alleges that she received ineffective assistance because trial counsel advised that she should waive all lesser included offenses. Thus, the jury was given the alternative of either convicting her on first-degree murder, or acquitting entirely. The present record does not conclusively refute defendant’s claim that an all-or-nothing strategy was unreasonable in light of the damaging content of defendant’s *850 1992 statement. Defendant is entitled to a hearing on this claim.
In defendant’s points two and seven, she contends that counsel was ineffective in cross examining the insurance agent with whom the husband had several small insurance policies. She asserts that the testimony made it appear that she had submitted a claim against the insurance policies which was in fact submitted by the defendant’s two previous wives. She contends that as a result, this inaccurate testimony supported the argument by the State that the husband was killed in order to obtain insurance proceeds. There should be a hearing on this claim as well.

 The defendant’s sworn statements and the briefs on the defendant’s prior appeal are available in this court's records,